FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**IN THE MATTER OF:**

DANIEL RICHARD GERKEY
S.S. # XXX-XX-8118

SUSAN MARIE GERKEY
S.S. # XXX-XX-7990

                                      Chapter 13
                                      Case No. 10-76758
                                      Hon. Marci B. McIvor

                Debtor(s).
_____/

## CHAPTER 13 PLAN

[X] Original **OR** [] Modification #____                             [] pre-confirmation *or* [] post-confirmation

**I. PLAN PAYMENTS & DISBURSEMENTS**: This is the Debtor's latest Chapter 13 Plan. The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.

A. The Debtor shall make payments in the amount of **$101.00/Bi-Weekly (frequency).**
B. Plan length: **60 months**, commencing on the date of entry of the Order Confirming Plan, which shall also be the effective date of the Plan. The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five (5) years.
C. Debtor commits 100 % of all tax refunds received or entitled to after commencement of the case, and shall not alter any withholding deductions/exemptions without Court approval.
D. Treatment of claims:
   1. **Class One - Administrative Expenses:**
      a. *Trustee fees* as determined by statute.
      b. Adequate Protection payments: Debtor shall make adequate protection payments to the secured creditors designated in Class 5a., directly to the Trustee, pursuant to II.N. Payment of adequate protection will be made by the Chapter 13 Trustee at earlier of either the time of the first disbursement following the date originally set for confirmation, or the occurrence of dismissal or conversion. Payment of the adequate protection payments shall be paid as follows:

      | Creditor | Collateral | Monthly Payment |
      |---|---|---|

      NONE

      c. *Attorney fees and costs:* An agreed fee of $ *  less amounts paid as reflected in the Rule 2016(b) Statement, leaving a balance due of $ *  plus costs advanced in the amount of $  N/A*  which totals $ * . Said sum to be paid ~~at the rate of $___ per month.~~ IN FULL.

1

    *     At the time of confirmation, Debtor's attorney may choose either a flat fee of $3,000.00 for the services rendered pre-petition, or may choose to file a fee application. If the Order Confirming Plan provides for allowance of attorney's fees by application, Trustee shall withhold from distribution $3,000.00 pending approval of a Fee Application to be filed within 30 days from the date of confirmation. If fee application is not filed within 30 days, withheld funds shall be released for distribution.

2. **Class Two - Continuing Claims:** Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. § 1322(b)(5)]. To the extent such claims are non-modifiable pursuant to 11 U.S.C. § 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor with L.B.R. 3015-1(a)(9)(E.D.M.) and the Debtor shall increase Plan payments as needed for such compliance.

   a. Post-Confirmation

   | Creditor/Collateral | Monthly Payments |
   |---|---|
   | Bank of America Home Loans / 31324 Cyril, Fraser, MI 48026 | $717.45* |
   | Bank of America, N.A. / 31324 Cyril, Fraser, MI 48026 | $215.00* |

   *Direct pay by Debtors – Current. No payment shall be made by the Trustee.

   b. Post-Petition/Pre-Confirmation Arrears - (TO BE PAID IN FIRST 12 MONTHS):

   | Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Time to Cure |
   |---|---|---|---|---|
   | NONE | | | | |

3. **Class Three - Executory Contracts and/or Unexpired Leases** [11 U.S.C. § 1322(b)(7) and 11 U.S.C. § 365]

   a. Continuing, Post-Petition Obligations:

   | Creditor/Collateral | Assume/reject/Assign? | If Assumed, Regular Payment per Month | Lease/contract Expiration Date |
   |---|---|---|---|
   | NONE | | | |

   b. Pre-Petition Obligations:

   | Creditor/Collateral | If Assumed, Amount of Default | If Assumed, Number of Months to Cure from Confirmation Date + Interest Rate | If Assumed, Monthly Payment on Cure |
   |---|---|---|---|
   | NONE | | | |

4. **Class Four - Arrearages on Continuing Claims:** [11 U.S.C. § 1322(b)(5)]

   a. Pre-Petition Arrears

   | Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Estimated Number of Months to Cure from Confirmation Date |
   |---|---|---|---|---|
   | NONE | | | | |

5. **Class Five -** *Non-continuing* ~~Other~~ **Secured Claims:** Secured claims other than those listed in Classes Two and Four on which the last payment will come due within the Plan duration.

   a. *Purchase Money Security Interests in Personal Property* - Secured claims other than those listed in Classes Two, Four and Five b. on which the last payment will become due within the Plan duration. ~~Adequate protection payments shall be paid until such time as funds become available to pay equal monthly payments over the remaining length of the Plan.~~

   | Creditor/Collateral | "Crammed Down" [11 U.S.C. 1325(a)(5)] or "Modified" [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | *Monthly Adequate Protection Payment* | Total to Pay (Incl. Interest) | Number of Months to Cure from Confirmation Date |
   |---|---|---|---|---|---|---|
   | NONE | | | | | | |

b.  *Other Secured Claims*

| Creditor/Collateral | "Crammed Down" [11 U.S.C. 1325(a)(5)] or "Modified" [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of Months to Cure from Confirmation Date |
|---|---|---|---|---|---|---|
| Credit Union One / 2009 Chrysler Town and Country | * | $15,000.00 | * | $418.00* | * | * |

   *Direct pay by Debtors – Current.  No payments shall be made by the Trustee.

6. **Class Six - Priority Unsecured Claims:**  [11 U.S.C. § 1322(a)(2)]

   a.  Non-Assigned Domestic Support Obligations [11 U.S.C. § 1322(a)(2)]

   | **Creditor** | **Amount** | **Interest Rate** |
   |---|---|---|
   | NONE | | |

   b.  Assigned Domestic Support Obligations [11 U.S.C. § 1322(a)(4)]

   | **Creditor** | **Amount** | **Interest Rate** |
   |---|---|---|
   | NONE | | |

   c.  All Other Priority Unsecured Claims [11 U.S.C. § 1322(1)(2)]

   | **Creditor** | **Amount** | **Interest Rate** |
   |---|---|---|
   | Internal Revenue Service | $3,050.00 | 0% |

7. **Class Seven - Special Unsecured Claims:** shall be paid in full and ~~concurrently with~~ **prior to** Class Eight General Unsecured Claims.

   | Creditor | Amount | Interest Rate | Reason for Special Treatment |
   |---|---|---|---|
   | NONE | | | |

**8. Class Eight - General Unsecured Claims:** shall be paid no less than their pro rata share of $4,293.00 or the case shall continue for the length stated, whichever will yield a greater dividend.

**9. Other Provisions:**  Insert as necessary.

**II. GENERAL PROVISIONS**

**A. THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF**:
   I.C; I.D.1.b., 5, 7 & 8; II.F.1; II.L.

**B. VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION**:  Upon confirmation of the Plan, all property of the estate shall vest in the Debtor [11 U.S.C. § 1327(b)].  The Debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. 1306(b)].  All secured creditors shall retain the liens securing their claims unless otherwise stated.

**C. SURRENDER OR ABANDONMENT OF COLLATERAL**:  Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

**D. PROHIBITION AGAINST INCURRING POST-PETITION DEBT**:  While this case is pending, the Debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

E. **UNSCHEDULED CREDITORS FILING CLAIMS:** If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class.

F. **PROOFS OF CLAIMS FILED AT VARIANCE WITH THE PLAN:** In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, classification of the claim, ~~percentage of interest on arrears,~~ if any, but the proof of claim shall not govern as to the valuation of collateral. **The Plan shall govern as to percentage of interest on arrears, if any.**

2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not with respect to any of the other aforementioned contractual terms.

3. If a holder of a claim files a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise by order of the Court. **The Plan shall govern as to percentage of interest on arrears, if any.**

4. A proof of claim or interest shall be deemed filed under 11 U.S.C. § 501 for any claim or interest that appears in Classes Two, Three, Four or Five of this Plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this Plan. *Unless otherwise ordered by the Court, adequate protection payments shall not be paid to claims designated in Class 5a. which do not meet the requirements under II.N.*

   **NOTE:** Debtor reserves the right to object to any claim.

G. **TAX RETURNS AND TAX SET-OFFS:** All tax returns which have become due prior to the filing of this Plan have been filed except the following (see LBR 2083-1 (E.D.M.) regarding non-filed returns): NONE

H. **DEBTOR ENGAGED IN BUSINESS:** [] If the box to the immediate left is "checked", the Debtor is self-employed **AND** incurs trade credit in the production of income from such employment.

1. 11 U.S.C. § 1304(b) and (c) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.
2. The Debtor shall comply with the provisions of LBR 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Court orders otherwise.

I. **ORDER OF PAYMENT OF CLAIMS:** Class *One a. and b.* claims shall be paid in advance of all claims, Class *One c.* claims in advance of all others, Then Classes Two and Three in advance of all remaining classes, then Classes Four and Five, then Class Six, *unless the consent of a non-assigned domestic support claimant is not obtained, payments shall be made pursuant to 1322(a)(2),* and then Classes Seven and Eight shall be paid as stated in each respective section. [LBR 3015-1(a)(5) (E.D.M.)]

J. **WORKSHEET:** The worksheet on a form available from the clerk's office, is required by LBR 3015-1(b)(2) (E.D.M.). It is attached hereto and incorporated herein by reference.

K. **CONFLICT OF DEBT AMORTIZATION:** If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Classes 4, Class 5, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

L. **DEBTOR DUTY TO MAINTAIN INSURANCE:** Debtor shall maintain all insurance required by law and contract upon property of the estate and the Debtor's property. ~~After confirmation of this Plan, if the Debtor fails to maintain full coverage collateral protection insurance as required above, any party in interest may submit an affidavit of default and in the event that the default is not cured within ten (10) days from the date of service of the affidavit upon the Debtor, Debtor's counsel and the Trustee, said party may submit an Order Granting Relief from the Automatic Stay as to the collateral to the Court along with a further affidavit attesting to the Debtor's failure to cure. Said Order shall be granted without motion or hearing.~~

M. **ENTRY OF ORDERS LIFTING STAY:** Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

N. **ADEQUATE PROTECTION**: Pre-confirmation Adequate Protection in Chapter 13 for Creditors Secured in personal property under 11 U.S.C. § 1326(a)(1)(c):

1. Adequate protection shall be paid to Purchase Money Security Interest Creditors in personal property and providing:
   a. Funds are available;
   b. The creditor or lessor has, by the 14th day of the month prior to the trustee's next regularly schedule disbursement, filed a proof of claim with adequate proof of a security interest attached setting forth the amount of the debtor's contractual monthly payment obligation.
   c. Either the plan proposes that the claim will be paid by the trustee or the debtor was not current in the debtor's contractual monthly payment obligation when the petition was filed;
   d. The plan proposes that the debtor will retain possession of the secured or leased property; and
   e. A stay is in effect as to the secured or leased property.
2. The Trustee's disbursement shall be made monthly until an order of confirmation in entered.

3. Unless the court orders otherwise for good cause shown under § 1326(a)(3), the disbursements shall be 30% of the debtor's contractual monthly payment obligation to each secured creditor and 100% of the debtor's contractual monthly payment obligation to each personal property lessor. If the trustee does not have sufficient funds on hand to make all of the required disbursements, the disbursements shall be made pro rata based on the monthly payments required.
4. Upon dismissal or conversion of the case, the trustee shall make the required pre-confirmation disbursements before disbursing any funds to the debtor.
5. For all pre-confirmation disbursements, the trustee shall be awarded and paid a fee equal to the applicable percentage fee established by the United States trustee.

**O**. LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [L.B.R. 3015-1(b)(1)]:

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT EQUITY |
|---|---|---|---|---|---|
| Personal Residence / 31324 Cyril, Fraser, MI 48026 | $ 65,000.00 | $ 111,207.69 | $ 0.00 | $0.00 | $ 0.00 |
| Cottage / Drummond Township, Chippewa County, MI | $ 5,000.00 | $ 0.00 | $ 5,000.00 | $5,000.00 | $ 0.00 |
| Vehicle / 2009 Chrysler Town & Country | $ 15,000.00 | $ 20,351.00 | $0.00 | $0.00 | $ 0.00 |
| Vehicle / 2001 GMC Sierra | $ 7,500.00 | $ 0.00 | $7,500.00 | $7,500.00 | $ 0.00 |
| 2007 Honda ATV | $ 2,000.00 | $ 0.00 | $2,000.00 | $2,000.00 | $ 0.00 |
| HHG/Personal Effects | $ 7,000.00 | $ 0.00 | $7,000.00 | $7,000.00 | $ 0.00 |
| Cash/Bank Accounts | $600.00 | $ 0.00 | $600.00 | $600.00 | $ 0.00 |
| Term Life Insurance Policies | $ 2.00 | $ 0.00 | $ 2.00 | $2.00 | $ 0.00 |
| Retirement accounts | $9,719.35 | $ 0.00 | $9,719.35 | 100% | $ 0.00 |
| Jewelry | $3,500.00 | $ 0.00 | $3,500.00 | $3,500.00 | $0.00 |

Amount available upon liquidation ................................................................................................... $0.00

Less administrative expenses ........................................................................................................... $0.00

Less Priority Claims .......................................................................................................................... $3,050.00

Amount Available in Chapter 7........................................................................................................ $0.00

/s/ *Yuliy Osipov*  
YULIY OSIPOV (P59486)  
CHRISTOPHER F. NELSON (P70034)  
Attorneys for Debtor  
OSIPOV BIGELMAN, P.C.  
20700 Civic Center Drive, Ste. 310  
Southfield, MI  48076  
(248) 663-1800  
yo@osbig.com

/s/ Daniel Richard Gerkey  
Daniel Richard Gerkey, Debtor

/s/ Susan Marie Gerkey  
Susan Marie Gerkey, Debtor

# WORKSHEET

1. Length of Plan is __ weeks; _60_ months; ___ years.

   Debtor #1:

2. $ _101.00_ per pay period x __130__ pay periods (Bi-Weekly) per Plan = $13,130.00 total per Plan

3. $___ per period x _____ periods in Plan = $_____total per Plan     $13,130.00

4. Lump sums:     $

5. Equals total to be paid into the Plan     $13,130.00

6. Estimated Trustee's fees     $787.00

7. Estimated Attorney fees and costs paid through the Plan.     $5,000.00

8. Total priority claims     $3,050.00

9. Total installment mortgage or other long-term debt payments     $N/A

10. Total of arrearage including interest     $N/A

11. Total secured claims, including interest     $N/A

                         Total of items 6 through 11     $8,837.00

12. Funds available for unsecured creditors (item 5 minus items 6-11)     $4,293.00

13. Total unsecured claims (if all file)     $50,600.00

14. Estimated percentage to unsecured creditors under Plan
    (Item 12 ÷ by Item 13)     BASE

15. Estimated dividend to general unsecured creditors if Chapter 7,
    (See liquidation analysis attached)     $ 0.00

**COMMENTS:**